IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DONOVAN MIDDLETON, HARVESTER NUTRITION, LLC, EDGAR ROJAS, CHRISTINA SOARES, HERMAN HOURIE, NUTRITION CASTLE, LLC, BRIGHT FUTURE HOLDINGS, LLC, VIVIFY, INC., KATHERINA JERAK, M.G. NUTRITION, LLC, and WARRIOR FITNESS & NUTRITION, LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>COMPLETE NUTRITION FRANCHISING, LLC,<br><br>Defendant. | 8:18CV115<br><br>**ORDER** |

This matter is before the Court on Defendant's Motion to Sever (Filing No. 28). For the reasons set forth below, the motion will be granted.

**BACKGROUND**

Plaintiffs Donovan Middleton ("Middleton"), Harvester Nutrition, LLC ("Harvester"), Edgar Rojas ("Rojas"), Christina Soares ("Soares"), Herman Hourie ("Hourie"), Nutrition Castle, LLC ("Nutrition Castle"), Bright Future Holdings ("Bright Future"), Vivify, Inc. ("Vivify"), Katherina Jerak ("Jerak"), M.G. Nutrition, LLC ("M.G."), and Warrior Fitness & Nutrition, LLC ("Warrior") (collectively, "Plaintiffs") filed this suit on March 9, 2018, asserting causes of action for breach of contract, breach of the implied covenant of good faith and fair dealing, negligent misrepresentation, fraudulent misrepresentation/fraudulent concealment, violation of the Nebraska Deceptive Trade Practices Act, violation of the Florida Franchise Act, and violation of the Indiana Deceptive Franchise Practices Act. (Filing No. 1.) Plaintiffs, who are each independent franchisees of Defendant, generally allege that they were misled by Defendant's marketing materials and other representations regarding the potential profitability of becoming a franchisee.

Plaintiffs' Complaint arises out of several independent franchise agreements executed over a period of approximately seven years. Some Plaintiffs entered into franchise agreements directly with Defendant, while others received the agreements as assignees from another party. Middleton entered into a franchise agreement with Defendant on December 18, 2015 to open a franchise in Las Vegas, Nevada. ([Filing No. 1](#).) Middleton assigned his agreement to Harvester on June 15, 2016. Harvester executed an agreement of understanding with Defendant on February 10, 2017. Thereafter, Harvester entered into separate franchise agreements with Defendant on June 28, 2017 and June 28, 2017 for franchises in Grand Junction, Colorado and Henderson, Nevada. Rojas and Soares entered into a franchise agreement with Defendant on March 10, 2016 to open a franchise in Weston, Florida. Hourie entered into a franchise agreement with Defendant on January 29, 2016 to open a franchise in Pompano Beach, Florida. Hourie assigned this franchise agreement to Nutrition Castle on April 4, 2016. Bright Future entered into a franchise agreement with Defendant on April 5, 2017 to open a franchise in Fort Meyers, Florida. Vivify entered into franchise agreements with Defendant on April 5, 2017 and November 9, 2017 to open franchises in Cape Coral, Florida and Charleston, South Carolina. Jerak entered into a franchise agreement with Defendant on April 20, 2016 to open a franchise in Miami, Florida. Warrior Fitness entered into a franchise agreement with Defendant on March 15, 2017 to open a franchise in Greenwood, Indiana. M.G. entered into separate franchise agreements with Defendant on January 31, 2011, October 31, 2011, September 5, 2012, September 1, 2016, and September 8, 2016 to open franchises in six different cities in Utah.

## DISCUSSION

Defendant requests that the Court sever Plaintiffs' claims into separate actions, arguing that joinder is improper under Federal Rule of Civil Procedure 20(a). Defendant asserts that Plaintiffs should have filed individual actions, rather than combining their claims in a single suit. Defendant requests that the claims be severed and grouped[1] as follows: (1) claims brought by Middleton and Harvester; (2) claims brought by Rojas; (3) claims brought by Soares; (4) claims

---

[1] Certain Plaintiffs' claims are grouped together due to assignments executed between those parties.

brought by Hourie and Nutrition Castle; (5) claims brought by Bright Future; (6) claims brought by Vivify; (7) claims brought by Warrior Fitness; (8) claims brought by Jerak; and (9) claims brought by M.G.

Under Federal Rule of Civil Procedure 20(a), persons may join in one action as plaintiffs if two requirements are satisfied: (1) "they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series or transactions or occurrences," and (2) "any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20. "The Eighth Circuit has embraced a liberal reading of the same transaction and occurrence language, finding it permits joinder of all reasonably related claims for relief by or against different parties." *Tridle v. Union Pacific Railroad Company*, No. 8:08CV470, 2009 WL 1783558, at *2 (D. Neb. June 22, 2009) (internal quotation omitted). The Eighth Circuit has stated that "[i]n ascertaining whether a particular factual situation constitutes a single transaction or occurrence for purposes of Rule 20, a case by case approach is generally pursued." *Mosley v. General Motors Corp*, 497 F.2d 1330, 1333 (8th Cir. 1974). "[A]ll logically related events entitling a person to institute a legal action against another generally are regarded as comprising a transaction or occurrence . . . Absolute identity of all events is unnecessary." *Id*. Moreover, Rule 20 "does not require that all questions of law and fact raised by the dispute be common." *Tridle*, 2009 WL 1783558, at *2 (quotation omitted). The appropriate remedy for improper joinder of parties is for the court to "drop a party" or "sever any claim against a party." Fed. R. Civ. P. 21.

Having reviewed the matter, the Court concludes that severance of Plaintiffs' claims from one action into eight separate actions is warranted because the claims arise from separate and distinct transactions. This action was brought by multiple franchisees who opened separate Complete Nutrition franchises in different locations across the United States. The opening of each franchise location required the execution of a new franchise agreement. Each franchise agreement was separately negotiated. The first franchise agreement was executed on January 31, 2011, while the last agreement was executed on November 9, 2017. Some of the franchise agreements were not even the result of direct negotiations with Defendant, but rather were the result of assignments executed between different Plaintiffs. The evidence shows that the allegations in Plaintiffs'

3

Complaint are derived from nineteen separate transactions over a period of approximately seven years. It is apparent that there is no logical relationship between the events underlying the claims.

Additionally, Plaintiffs' claims do not involve common questions of law or fact. Plaintiffs have not alleged a common practice or policy by Defendant. Rather, Plaintiffs' Complaint contains fact-specific claims, including breach of contract, negligent misrepresentation, and fraudulent misrepresentation/fraudulent concealment. Moreover, certain claims are brought under the laws of different states, including Nebraska, Florida, and Indiana. It is apparent that the only connection between certain Plaintiffs is that they entered into franchise agreements with Defendant. Therefore, Plaintiffs' claims against Defendant will be severed as set forth below.

Accordingly,

**IT IS ORDERED**:

1. Defendant's Motion to Sever (Filing No. 28) is granted. Plaintiffs will be required to prosecute their claims in eight separate actions to be grouped as follows: (a) claims brought by Middleton and Harvester; (b) claims brought by Rojas and Soares; (c) claims brought by Hourie and Nutrition Castle; (d) claims brought by Bright Future; (e) claims brought by Vivify; (f) claims brought by Warrior Fitness; (g) claims brought by Jerak; and (h) claims brought by M.G.[2]

2. The Clerk of Court is directed to modify the docket sheet to reflect that Middleton and Harvester are the plaintiffs in this case. The Clerk of Court shall then open seven new case files which shall be captioned to reflect the groupings of plaintiffs as set forth in Paragraph 1 above. The Clerk of Court shall copy all docket entries from the present file into each of the new case files and docket this Order in all cases. These cases should be denoted as being related and be assigned to the same judges.

---

[2] The Court recognizes that Defendant requested that the claims brought by Rojas and Soares be brought in separate actions. This relief will be denied. It appears that Rojas and Soares entered into a single franchise agreement with Defendant to open one franchise in Weston, Florida. The Court finds that their claims meet the standard for joinder under Fed. R. Civ. P. 20.

3. Plaintiffs shall file an amended complaint in their respective actions by December 20, 2018. Each amended complaint must be specific to the claims of only the named plaintiff(s) in that specific case. Defendant shall have 21 days to file an answer in each case.

4. Plaintiffs' Motion to Amend ([Filing No. 36](Filing No. 36)) is denied as moot.

5. Defendant's Motion for More Definite Statement ([Filing No. 26](Filing No. 26)) is denied as moot.

Dated this 19th day of November, 2018.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge